IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02243-RPM-MEH

JUDY JARAMILLO,

    Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT 14,

    Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendant's Motion to Compel [filed March 26, 2010; docket #25]. The motion is referred to this Court for disposition. (Docket #28.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Compel.

    Plaintiff brings this Section 1983 action against her former employer, alleging discrimination based on race/national origin and gender. Defendant raises three disputes in its Motion to Compel. First, Defendant explains that the parties disagree on the definition of "Confidential Information," to be included in a proposed Stipulated Protective Order. Second, Defendant contends that Plaintiff improperly withheld documents and redacted disclosed documents in her initial disclosures, as well as failed to produce an appropriate privilege log listing the withholdings and redactions. Third, Defendant contests Plaintiff's "general objection" regarding the number of interrogatories and requests for production served by Defendant. Defendant believes it served eighteen interrogatories and twenty-five requests for production and represents Plaintiff's assertion that it served fifty interrogatories and forty-seven requests for production.

The Court addresses each dispute in turn.

I.   **Definition of "Confidential Information"**

The parties agree that a Protective Order is necessary and appropriate in this case. However, the parties disagree on the definition of "Confidential Information." Defendant prefers to include an exclusion in the definition, explaining that a designation of "Confidential Information" would not apply to "any and all public records or information that is accessible to or by the public, such as educational records . . . pursuant to the Colorado Open Records Act . . . ." (Docket #25-8 at 2-3.) Defendant believes that "the inclusion of a sentence which expressly specifies public information is not confidential is appropriate," because "Plaintiff's counsel has repeatedly demonstrated a desire to include every conceivable document as confidential." (Docket #25 at 6.) Defendant represents that the first protective order proposed by Plaintiff included categories of documents that were otherwise designated as public records. Defendant argues that including the exclusionary language would prevent future disputes and potential subjugation of Defendant to a protective order in violation of state and federal law regarding access to public documents. (*Id*.)

Plaintiff agrees to the affirmative definition of "Confidential Information" in Defendant's proposed protective order, but contests the exclusionary language regarding public information. (Docket #26 at 2; docket #25 at 3.) Plaintiff believes the language is unnecessary and is not reflected in the model order described in *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382 (D. Colo. 2000). (*Id*. at 4, 8.) Plaintiff further contends that certain documents subject to public records laws (for example, the Colorado Open Records Act) contain information that must be redacted upon public production, such as names of individuals and certain demographic information. (Docket #26 at 3.) Plaintiff asserts that such information could be relevant to her case, and under a protective order would be appropriately produced.

The Court agrees with Plaintiff on this point. The Court finds the proposed Stipulated Protective Order at Docket #25-8 acceptable, except for the third paragraph of section one, regarding the definition of "Confidential Information." (*See* docket #25-8 at 2.) Plaintiff's argument regarding the obligation of a public entity to redact certain information on documents subject to public disclosure is compelling. In this matter, if Defendant has to produce to Plaintiff public records that are otherwise subject to redaction in part, the information to be redacted would instead be subject to the protective order. If Defendant produces such documentation with redactions, any redactions must be recorded in a privilege log contemporaneously produced.

The proposed Stipulated Protective Order includes the required mechanism for challenging a designation of confidentiality. (Docket #25-8 at 6.) Thus, Defendant retains the right to challenge a potentially improper designation of confidentiality by Plaintiff. The Court emphasizes to the parties that any designation of confidentiality must be made in good faith; if a party abuses her or its obligation to do so in good faith, such abuse may be subject to sanctions.

Accordingly, the Court denies Defendant's motion regarding the exclusionary definition of "Confidential Information." The Court directs the parties to email a usable version (.wpd or .doc) of the proposed Stipulated Protective Order at Docket #25-8 to *hegarty_chambers@cod.uscourts.gov*, without the third paragraph of section one, on or before **May 11, 2010**.

## II. Plaintiff's Initial Disclosures

Defendant contends that Plaintiff omitted and redacted "numerous documents" listed in Plaintiff's Initial Disclosures and failed to produce a privilege log documenting such omissions and redactions. (Docket #25 at 3.) Defendant represents that Plaintiff informed Defendant that certain documents would be withheld until the Court entered a protective order. (*Id.*) In its motion, Defendant asks the Court to enter the protective order and direct Plaintiff's counsel to produce the

withheld documents. (*Id*. at 6.)

In response, Plaintiff states shw will produce documents once a protective order is in place, "and if a privilege log is applicable at such time, the same will be prepared." (Docket #26 at 4.)

As described above, the Court accepts Defendant's proposed Stipulated Protective Order, with the one modification. The Court grants Defendant's motion regarding Plaintiff's Initial Disclosures as follows. Once the Stipulated Protective Order is entered, Plaintiff must complete full disclosure of the documents subject to Rule 26(a)(1) within **three business days**. Any redacted or omitted information must be appropriately recorded in a privilege log and submitted contemporaneously with production.

### III. Number of Interrogatories and Requests for Production

The Scheduling Order allows the parties up to twenty-five interrogatories and twenty-five requests for production of documents. (Docket #18 at 11.) Defendant asserts it propounded eighteen interrogatories and twenty-five requests for production in its first set to Plaintiff on February 4, 2010. (Docket #25 at 3-4.) Defendant describes how, on March 8, 2010, when Plaintiff's responses were due, Plaintiff issued a general objection asserting Defendant exceeded the permissible number of interrogatories and requests for production. (*Id*. at 4.) Defendant believes the subparts of its issued interrogatories fall within the common theme of the primary interrogatory, and are thus counted as one interrogatory. (*Id*. at 7.) Defendant states that "Plaintiff provides no basis whatsoever for her failure to respond to the requests for production." (*Id*. at 11.)

In her response, Plaintiff restated the objections made in her responses to Defendant's first set of interrogatories and requests for production. (Docket #26 at 5-6.) Plaintiff more specifically described her objections to Interrogatories Nos. 3, 4, 5, 7, 8, 9, 10, 14, 15, 16, 17, 18, and 19, and Requests for Production Nos. 2, 3, 4, 5, 7, 9, 12, 13, 14-22 (and 14 and 22 individually), and 25.

The Court reviewed Plaintiff's responses to the first set of interrogatories and requests for production. (Docket #25-6.) Plaintiff stated a general objection to all interrogatories and requests for production on the basis that they exceeded the number provided for in the Scheduling Order. (*Id*. at 1.) In her responses, Plaintiff cited to *Allahverdi v. Regents of the Univ. of N.M.*, 228 F.R.D. 696, 698 (D.N.M. July 11, 2005) for the proposition that a responding party, believing that the propounding part exceeded the allowed number of interrogatories (or requests for production), should not answer some and object to others, but should object to all or file a motion for protective order. (Docket #25-6 at 3.) The *Allahverdi* Court held that "by answering some and not answering others, the [responding party] waived this objection." 228 F.R.D. at 698. Plaintiff objected to the first set of discovery requests as compound, including unrelated subparts, duplicative, and repetitive. (Docket #25-6 at 3, 5.) Plaintiff cited to analyses by other jurisdictions, as well as this District and the Colorado Supreme Court. (*See* docket #25-6 at 3-5.)

Fed. R. Civ. P. 33 governs Interrogatories, and Fed. R. Civ. P. 34 governs Producing Documents. Rule 33 allows for subparts within interrogatories, and Rule 34 permits a request to include a category of items. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." *Id*. at 675-76. Therefore, subparts "directed at eliciting details concerning a common theme should be considered a single question." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed. 2010). Subparts regarding more discrete topics are "likely to be counted as more than one for purposes of the limitation." *Id*.

In *Kovacs v. Hershey Co.*, Magistrate Judge Boland looked to *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) as persuasive authority. No. 04-cv-01881-WYD-BNB, 2006 WL 1980291, at *1 (D. Colo. July 13, 2006) (unpublished), *aff'd in part* and *rev'd in part*, 2006 WL 2781591 (D. Colo. Sept. 26, 2006). The *Kendall* Court adopted the following test for counting written discovery requests: "interrogatory subparts are to be counted as part of but one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." 174 F.R.D. at 685. The Court considers this and other analyses, in light of the Committee Notes, in making the following determinations.

### A. *Interrogatories*

After review of the propounded interrogatories, the Court finds that Interrogatory Nos. 3, 5, and 10 contain an inappropriate compound question and should be divided. As to the remaining interrogatories, the Court concludes that the subparts appropriately elicit details about the common theme in the primary interrogatory and are thus "logically or factually subsumed" within the primary interrogatory.

Interrogatory No. 3 pertains to "every place of business . . . and governmental agency" where Plaintiff has sought employment since April 14, 2009. (Docket #25-5 at 6.) Subparts (a) through (f) are permissible as appropriately eliciting details about the primary question; however, the Court agrees with Plaintiff that Subpart (g) reflects a distinct inquiry, as it delves into the facts concerning the process of Plaintiff seeking employment. Thus, this interrogatory should be two separate interrogatories.

Interrogatory No. 5 seeks information regarding tools which Plaintiff has utilized "for future employment efforts," including "job postings, classified ads, . . . print media . . ., or any online job search engine." (Docket #25-5 at 8.) The Court believes this category of questioning logically fits

6

into one interrogatory, as Defendant asks Plaintiff about self-driven job searching. However, although the Court finds Subparts (a) through (c) support the primary interrogatory, like Interrogatory No. 3, Subpart (d) refers to a distinct line of inquiry regarding outcomes and offers resulting from the job search described in the primary question. Thus, this interrogatory should also be two separate interrogatories.

Interrogatory No. 10 inquires about the nature of Plaintiff's asserted physical, mental, and emotional bases for damages. Included in No. 10 is a request for Plaintiff to sign and return an Authorization of Release of Protected Health Information. The Court believes this request should be separate from the remainder of No. 10, consistent with Magistrate Judge Watanabe's analysis in *Ulibarri v. City & County of Denver*, No. 07-cv-01814-WDM-MJW, 2008 WL 4861925, at *1 (D. Colo. Nov. 10, 2008) (unpublished) (finding that an interrogatory requesting both information and documents pertaining to such information constituted two separate interrogatories).

Additionally, as Interrogatory No. 9 duplicates No. 8, No. 9 should be stricken. Considering the division of Nos. 3, 5, and 10 and the elimination of No. 9, Defendant propounded twenty-one interrogatories which is within the limit set by the Scheduling Order.

### B. *Requests for Production*

After review of the propounded Requests for Production, the Court finds that Nos. 2, 3, 5, 7, 9, 12, 13, and 25 include permissible subparts. However, the Court agrees with Plaintiff, that No. 4 is duplicative of No. 1, as No. 1 requests "any and all documents . . . that [Plaintiff] referred to or relied upon in providing answers to the above Interrogatories." (Docket #25-5 at 11.) Request No. 4 also asks for documents supportive of Plaintiff's answer to Interrogatory No. 10, which is not excluded from Request No. 1. Therefore, the Court finds Request No. 4 should be stricken.

Regarding Requests for Production Nos. 14 through 22, Plaintiff is correct in her assertion that she has since filed an Amended Complaint, which potentially moots these requests. The Court instructs Defendant to review these requests and resubmit them to Plaintiff in light of the Amended Complaint. As to Plaintiff's contention that Nos. 14 and 22 contain impermissible subparts, the Court disagrees. It is true that these requests refer to multiple paragraphs within the Complaint, but such reference does not logically indicate that the request asks for multiple distinct productions. For example, the primary request in Request No. 14 seeks documents supporting Plaintiff's statement that "similarly-situated non-Hispanic employees were not treated the same as Plaintiff." This is one discrete category of documents, even if Plaintiff made such allegation in multiple parts of her Complaint. The same is true for Request No. 22.

As the Court directs Defendant to strike Request No. 4 as duplicative, Defendant propounded twenty-four Requests for Production, which is within the limit set by the Scheduling Order.

## IV. Conclusion

Defendant seeks sanctions because it believes Counsel for Plaintiff employed "delay tactics," demonstrating "a significant disregard for the discovery process." The Court disagrees. The Court finds that Plaintiff's reliance on case law as incorporated into her responses to Defendant's first set of discovery and her good faith representation that confidential documents would be disclosed upon the entry of an appropriate protective order do not indicate "a significant disregard for the discovery process." The Court, at this time, declines to impose sanctions.

The Court hereby **ORDERS** as follows:

The parties shall email a usable version (.wpd or .doc) of the proposed Stipulated Protective Order at Docket #25-8 to *hegarty_chambers@cod.uscourts.gov*, consistent with the terms of this Order, on or before **May 11, 2010**;

Upon entry of the Stipulated Protective Order, Plaintiff must complete full disclosure of the documents subject to Rule 26(a)(1) within **three business days**, and any redacted or omitted information must be appropriately recorded in a privilege log and submitted contemporaneously with the disclosures; and

Defendant shall serve an Amended First Set of Interrogatories and Requests for Production, consistent with the terms of this Order, on or before Wednesday, **May 12, 2010**. Plaintiff shall respond within **thirty days**.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Compel [filed March 26, 2010; docket #25], as stated herein.

Dated at Denver, Colorado, this 6th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge