IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02243-RPM-MEH

JUDY JARAMILLO,

    Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT 14,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

The Court held a Motions Hearing on Defendant's Second Motion to Compel [filed October 18, 2010; docket #42] and Plaintiff's Motion to Compel Discovery from Defendant [filed October 26, 2010; docket #45] on December 3, 2010. The Court issued orders from the bench on all but two issues: redacted comparator information as raised by Plaintiff and the request for fees incurred with filing the motions by both parties. (*See* docket #68.) As stated below, the Court **DENIES** Plaintiff's request for unredacted comparator information, **DENIES** Plaintiff's request for fees, and **GRANTS IN PART** Defendant's request for fees.

**I.    Redacted Comparator Information**

Plaintiff challenges the portions of Defendant's production, Bates Nos. 2524-2558, containing redacted names and "critical identifying information" related to other persons filing discrimination charges against Defendant. Plaintiff asks the Court to compel the identifying information. Defendant argues that Plaintiff is not entitled to discovery of private and confidential employee information. In its briefing, Defendant provided numerous citations to legal authority

regarding the privacy interests in personnel files, particularly for names, social security numbers, background investigations, counseling reports, and health information.

The Court agrees with Defendant. Plaintiff represented on the record that Defendant produced a total of eleven charges of discrimination. The Court recognizes that comparative statistical data can be relevant to a discrimination claim, but that alone does not necessitate the disclosure of private identifying information. The Court does not believe that Plaintiff meets the standard requisite for disclosure of other employees' confidential information, and the Court further believes that the comparative statistical information relevant for Plaintiff's purposes are evident without such disclosure. Accordingly, this request is DENIED.

## II.     Attorneys' Fees

Both parties request an award of fees incurred with the filing of their motions pursuant to Fed. R. Civ. P. 37. The Court believes that justice requires denying Plaintiff's request for fees, but awarding some limited portion of fees to Defendant. The Court, in large part, believes that Defendant attempted in good faith to resolve the issues raised in its motion, and the Court further agrees with the merits of Defendant's motion, having granted, with one exception, all of Defendant's requests. The Court further believes that Defendant's position with respect to the requests raised in Plaintiff's motion was substantially justified, whereas certain assertions by Plaintiff in response to Defendant's requests were not. For example, the Court finds that Plaintiff's contention that "sticky notes" on documents justify the withholding of the document on the basis of attorney-client privilege caused a multiplication of proceedings due to the Defendant's understandable interest in determining what the documents were (the documents themselves containing no communication with an attorney, let alone legal advice from an attorney, and the substance of virtually all of the

documents having absolutely no relevance to this case).

Accordingly, Plaintiff's request for fees is DENIED, and Defendant's request for fees is GRANTED IN PART. Defendant may file a motion for attorneys' fees incurred with the filing of its motion, compliant with D.C. Colo. LCivR 54.3 and 7.1A, on or before **December 20, 2010**. Once briefing is complete, the Court will exercise its discretion in the apportionment of fees.

Dated at Denver, Colorado, this 8th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge