IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02243-RPM-MEH

JUDY JARAMILLO,

    Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT 14,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    The Court heard oral argument on Plaintiff's Motion to Compel [filed October 26, 2010; docket #45] on December 3, 2010. (*See* docket #68.) The Court resolved most matters; outstanding is the issue of search terms for the discovery of Defendant's electronic documents. The Court instructed Plaintiff to submit a proposal for an additional search of Defendant's electronic documents, at Plaintiff's expense, including but not limited to the mechanism of the search, the length of time the search will take, and a list of search terms. The Court permitted the filing of any objection by Defendant, and a reply by Plaintiff. The Court additionally ordered that the person conducting the electronic search will sign a confidentiality agreement, drafted by Defendant, consistent with the governing protective order. Upon completion of the electronic search, Defendant may review the electronic documents for privilege and record any withholdings or redactions in a privilege log before production is made to Plaintiff.

    Pursuant to this Court's previous order, electronic search and production is limited from 2005 through the present. (Docket #68.) Electronically stored data includes email communications, document attachments, files, and folders maintained on any computer system or server relating to

Plaintiff's claims.

Plaintiff filed her proposal on December 10, 2010. (Docket #72.) In its response, Defendant represents that the parties "were able to resolve the bulk of issues raised" in Plaintiff's proposal. (Docket #87 at 1.) However, certain disputes remain regarding search terms and senders/recipient/authors. (*Id*. at 2.) Additionally, as stated in her reply, Plaintiff retracts her prior agreement that her expert will provide to Defendant evidence of CHFI (or comparable) certification. (Docket #94 at 1.)

Defendant objects to Plaintiff's search terms as overly broad. (Docket #87 at 2.) Defendant believes "[t]he only discovery requests at issue seek communications between Dr. Chandler and District employees regarding Plaintiff, and correspondence or documents exchanged between Dr. Chandler and District employees regarding Hanson's calendar and/or Hanson's bilingual instruction policies." (*Id*. at 2-3 (referring to Plaintiff's interrogatories and requests for production).) Defendant characterizes Plaintiff's list of search terms as a fishing expedition and as duplicative of the search already conducted by Defendant. (*Id*. at 3.) Defendant avers that under Plaintiff's proposal, it would be subject to "a significant and unreasonable expenditure of resources . . . in having to review hundreds and thousands of pages of documents for relevancy and privilege before producing these documents." (*Id*. at 5.)

Plaintiff asserts that Defendant's objection is premised on its misunderstanding of the type of search query Plaintiff proposes. Plaintiff states her expert will utilize the funnel method, meaning, "Defendant's database would be searched by adding a single search term, in single applied steps, with the database being further narrowed with each, single step of applied subsequent search terms." (Docket #94 at 3.) Plaintiff represents this method will take under one day for completion of the search. (*Id*.) Plaintiff suggests that the "first level of the funnel" includes all data listed on

pages 12 and 13 of Plaintiff's proposal (sender/recipients/authors) plus "one of each of the search terms applied to that data." (*Id*. at 4.) Plaintiff's expert would preserve each discrete search, *i.e.*, the sender/author/recipient and the search term, for Defendant's counsel to review for confidentiality, relevance, or other objection. (*Id*. at 5.)

Twenty-three senders/recipients/authors and 53 search terms produce 1,219 "first level[s] of the funnel," if Plaintiff's expert searches each sender/recipient/author plus each search term as described. (Docket #72 at 11-13.) The Court believes this is excessive. The discovery at issue is not simply any discovery possibly relevant to any stated claim or defense, as suggested by Plaintiff in her reply (docket #94 at 2), but discovery relevant to her Interrogatory Nos. 5, 6, 13, and 14, and Request for Production Nos. 1, 3, 4, 5, 6, and 7, as stated in her original motion to compel. (Docket #45 at 5.) Defendant represents it provided a complete response to Interrogatory Nos. 13 and 14; the Court reviewed its response and agrees, with the exception that Defendant must supplement its response to Nos. 13 and 14 with information dating from 2005 through the present. (*See* docket #45-1 at 21-24; docket #87 at 2 n.1.)

The remaining discovery requests concern communications and documents exchanged between Sue Chandler and the Board from 2007 through the present, between Sue Chandler and the Board regarding Plaintiff specifically from 2005 through the present, and documents regarding performance warnings issue by Sue Chandler, alleged performance deficiencies of the Plaintiff, school calendar year decisions, and bilingual instruction policies. (Docket #45-1 at 26-30.) The first request is overly broad, particularly for an electronic search of documents. The Court believes Plaintiff's search must reasonably be limited to communications and documentation exchanged between Sue Chandler and the Board from 2005 through the present regarding Plaintiff, and documentation exchanged by the Board regarding school calendar year decisions and bilingual

instruction policies. Accordingly, Plaintiff must further refine her search terms and query methodology. Although a one-day search may not, on its face, appear overly burdensome, the Court agrees with Defendant that Plaintiff's present proposal would incur unnecessarily significant time spent in review of minimally relevant (if at all) electronic documentation.

The Court instructs Plaintiff to narrow her search terms and query methodology to fit the discovery requests at issue, that is, Interrogatory No. 6 and Request for Production Nos. 1 (as to Interr. 6), 3, 4 as to Plaintiff only, 5, 6, and 7. Plaintiff may re-submit her proposed search terms and senders/recipients/authors on or before **January 31, 2011**. Regarding the certification of Plaintiff's expert, the Court instructs the parties to re-confer on this issue and include the result of their conferral with Plaintiff's amended proposal.

The Court accepts and enters Defendant's proposed confidentiality agreement contemporaneously with this order.

Defendant must supplement its responses to Plaintiff's Interrogatory Nos. 13 and 14 with information dating from 2005 through the present on or before **February 2, 2011**.

Dated this 24th day of January, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4