IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02243-RPM-MEH

JUDY JARAMILLO,

    Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT 14,

    Defendant.

---

## ORDER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion for Attorney's Fees [filed December 20, 2010; docket #74]. The motion is referred to this Court for disposition. (Docket #77.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Attorney's Fees.

On December 8, 2010, the Court granted in part Defendant's request for fees arising from the filing of its second motion to compel. (Docket #71.) Defendant timely filed its motion, seeking a total of $9,375.00. (Docket #74 at 4.) Plaintiff opposes this amount and requests that the fees be reduced to reflect the hourly rate actually charged to the Defendant's insurer, and not the current billable rates of attorneys Lee and Kelly. Defendant's counsel represent, as officers of the Court, that their respective *billed* rates are as requested, $250 and $190 per hour. The Court accepts this representation and, thus, no reduction on this basis is appropriate.

Next, Plaintiff argues that Defendant's fees are excessive based on (1) their inflated hourly rate; (2) their nonprevailing status on the spoliation issue, which Plaintiff contends constitutes 40%

of defense counsel's request; and (3) their request for fees in defense of Plaintiff's Motion to Compel. The Court disagrees with (1) and notes that in this District, plaintiff's employment lawyers are commonly awarded $350-450 hour and upwards when successful at trial. The Court agrees with (2) and will reduce fees as noted below. Although the Court agrees in principle with Defendant's assertion that Plaintiff could and should have done a better job of providing legible copies of e-mails, this case represents precisely the reason that the Magistrate Judges in this District encourage informal, joint-party contact in the form of a telephone call (or even, in appropriate cases, an informal in-person meeting) to resolve discovery disputes without resorting to motions practice. Such a contact in this case would probably have achieved the same result regarding the e-mails. As to (3), Defendant disputes that any entries relate to Plaintiff's Motion to Compel. No reduction is necessary on that basis.

Plaintiff also alleges that Defendant's submission contains duplicate entries and duplication of effort. Defendant responds that the Tenth Circuit does not require automatic reduction due to duplication of effort; Defendant does not address Plaintiff's allegation of duplicate entries. This amounts to a $399 reduction.

Further, Plaintiff objects to entries for which certain information was redacted based on privilege. Defendant represents that these entries are necessary to preserve the privilege. The Court will not question the entries and will accept Defendant's good-faith representation.

Moreover, Plaintiff objects for time billed in assembling an exhibit notebook when only two of the exhibits were used. The Court is not critical of Defendant for being prepared for the hearing. The undersigned often ventures down an unexpected path of (hopefully) constructive dialogue at a hearing such as the one conducted in this case. No reduction is appropriate for the exhibit notebook.

Finally, Plaintiff alleges that two attorneys were not necessary at the hearing.  This is a complex employment discrimination case, and it is customary for several lawyers to appear for a client at a court proceeding, both on the plaintiff's side and the defense.  The Court does not believe that a reduction is necessary here.

Therefore, the Court will reduce the requested $9375.00 by $399, to $8976.00, and then by 40%, to $5385.60.  The Court finds that this amount is reasonable, all things considered.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Attorney's Fees [filed December 20, 2010; docket #74], as stated herein.

Dated at Denver, Colorado, this 11th day of February, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge