IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-02243-RPM

JUDY JARAMILLO,

      Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT 14,

      Defendant.

---

ORDER GRANTING SUMMARY JUDGMENT

---

      Judy Jaramillo was terminated from her employment as principal of Hanson PreK-8 School by the Board of Education of Adams County School District 14 on April 14, 2009. In this civil action, she claims that the termination was racially discriminatory in violation of the protections provided by 42 U.S.C. § 1981(a); retaliatory for her advocacy opposing racial discrimination; a denial of the constitutional right to due process remedial under 42 U.S.C. § 1983 and in violation of the District's employment practices. After discovery, the District moved for summary judgment of dismissal of all claims for the failure to produce sufficient admissible evidence to support any of them. While there are a number of factual disputes in the record, the summary given in this order is appropriate giving the plaintiff the benefit of doubt on the disputes.

      The Adams County Public Schools provide educational services at six elementary schools, two middle schools, two high schools, two preschools, one charter high school and Hanson, the only school serving students from preschool through the eighth grade. The school population of the District is predominantly Hispanic. More than 70% of the students attending Hanson are Hispanic and the majority seak Spanish as their first language. Ms. Jaramillo was the only Hispanic principal in the District. She was hired as the Hanson principal in August,

1999, and served continuously until her termination. She and the other school principals were at-will employees hired for the academic year. Hanson and the charter high school provided services on a continuous-year calendar. All other schools were operated on a traditional academic year with summer vacation. Hanson had a bilingual program, providing academic instruction in Spanish as well as English.

Dr. Sue Chandler was Chief Academic Officer for the District from 2005 until September, 2008, when she was appointed as interim superintendent. Dr. Chandler is not Hispanic. Ms. Jaramillo and Dr. Chandler had a cordial relationship before Dr. Chandler became superintendent.

In the fall of 2008 the District administration considered two policy changes that Ms. Jaramillo considered would have an adverse impact on the community served by Hanson. First, the English Language Learners (ELL) policy to be followed in all of the schools was proposed to be an English immersion policy, eliminating the practice at Hanson of teaching academic subjects in Spanish as well as English. Second, Hanson and the charter high school were to be operated on the same academic year as all other schools in the district. These proposals were upsetting to Hispanic parents and teachers and were the subject of some community protests.

The ELL policy was the subject of a Board of Education study session at a public meeting pursuant to a notice published in the same manner as all board meetings. Dr. Chandler received a copy of an e-mail concerning a meeting of teachers to discuss the proposed policy changes before the Board meeting.

On February 6, 2009, at 8:15 a.m., Dr. Chandler confronted Ms. Jaramillo and demanded that she provide the name of the person who informed her of the Board study session. Dr. Chandler met the plaintiff again at 4:00 p.m. on that date demanding that she disclose the name and informing her that a failure to provide that name would require that Ms. Jaramillo submit her resignation on Monday morning, February 9, 2009. Ms. Jaramillo refused

to give the name because she was concerned that her informant would suffer adverse consequences.

When Ms. Jaramillo refused the directive to resign, effective June, 2009, Dr. Chandler placed the plaintiff on administrative leave with pay and said that, as superintendent, she would recommend termination of the plaintiff's employment.  The official notice of administrative leave was given by Phil Bedford, Chief Human Resources Officer, by letter dated February 11, 2009.  By letter dated February 17, 2009, Dr. Chandler gave notice of her recommendation for termination of employment of Ms. Jaramillo, pursuant to the policy set forth in the Administrator's Meet and Confer Handbook, requiring 30 days notice.  Pursuant to the Handbook, Ms. Jaramillo sought review by a three-member panel to be comprised of Phil Bedford, an individual selected by the District and one selected by Ms. Jaramillo.  Ms. Jaramillo nominated Wanda Clark, a non-Hispanic friend, and the District nominated Sophia Masewicz, an African-American, as a third member of the panel.

Ms. Jaramillo submitted her position through her attorney, by letter dated March 24, 2009, and declined to attend the panel meeting the next day on a claim that Mr. Bedford had participated in the termination decision and that Ms. Masewicz was biased.

The panel met on March 25, 2009, and agreed that the recommendation for termination would go to the Board.  The plaintiff's friend, Ms. Clark, reluctantly gave in to the decision.  Dr. Chandler did not participate in the meeting of the panel.

Dr. Chandler's recommendation went before the Board on April 14, 2009, with five members of the Board participating and the Board accepted the recommendation by a four to one vote.  The dissenting Board member, Larry Quintana, was the only Hispanic member.

The legal principles applicable to this case are set forth in *Perry v. Woodward,* 199 F.3d 1126 (10th Cir. 1999) and *Kendrick v. Penske Transp. Services, Inc.,* 220 F.3d 1220 (10th Cir. 2000).

Ms. Jaramillo may have a prima facie case of racial discrimination based on her job performance for almost nine years, her membership in a protected class, her discharge and replacement by a non-Hispanic person. The focus is on the question of whether the reason for termination was pretextual. The charge of insubordination for failure to give Dr. Chandler the name of the informant on February 6, 2009, appears to be unfair and unreasonable, given the plaintiff's years of performance as the principal of Hanson. That possible finding does not support a claim under § 1981. A violation of that statute depends upon a showing that the termination was made because of the plaintiff's race.

What is determinative is whether Ms. Jarmillo has shown sufficient evidence to permit a jury to draw a fair inference of discrimination directed toward her. While the final decision maker was the Board of Education, it is recognized in the "cat's paw" cases that acceptance of a supervisor's recommendation without an independent investigation can result n the employer's liability if the supervisor acted with a discriminatory motive. Accordingly, the question is whether Dr. Chandler placed Ms. Jaramillo on administrative leave and recommended termination of her employment because she is Hispanic.

There is no direct evidence that Dr. Chandler had a bias or prejudice against Hispanics. There is nothing to suggest that she showed any animus against Ms. Jaramillo during the time that Dr. Chandler was supervising in her role as Chief Academic Officer. The difficulties that developed in the relationship between these two women arose after Dr. Chandler became interim superintendent and under her administration the proposals for change in the ELL policy and school calendar were being developed.

What may be inferred is that Dr. Chandler was annoyed that these proposals were meeting resistance from the Hispanic community served by the Hanson school and perceived Ms. Jaramillo as a leader of that resistance. Accordingly, Dr. Chandler may have used insubordination as a justification for removal of Ms. Jaramillo as principal. That view may be

supported by Mr. Chandler's comments about undermining her authority. That factual finding, if made, does not support a claim of discrimination against Ms. Jaramillo because of her race. Removing an employee because she is seen as undermining authority or an obstacle to a policy change is not racial discrimination.

The plaintiff also claims retaliation but there is no evidence to show that she ever made any complaints of discriminatory treatment of her as an individual employee.

The plaintiff's claim for deprivation of procedural due process is based on the contention that the panel for administrative review under the Handbook was biased against her. There is no evidentiary support for that contention. Mr. Bedford was involved in the process because of his position as Chief of Human Resources and there is nothing to suggest that the other two panel members were influenced by race or that they prejudged the case. While Ms. Clark expressed reluctance in the decision, there is no basis for finding that she was pressured and her reluctance reflected her long friendship with Ms. Jaramillo.

The plaintiff asserts that her liberty interest was adversely affected by the announcement of her administrative leave given to the parents of Hanson students by Dr. Chandler's letter, dated February 13, 2009, saying that "this matter is a personnel issue" which was mistakenly translated as a "personal issue" in the Spanish translation. To Spanish speakers, that suggests that the issue was a matter of some misconduct by Ms. Jaramillo and could be considered stigmatizing. It is not known who the translator was and clearly it was not

Dr. Chandler who does not speak Spanish. While the error in translation was unfortunate, it was apparently inadvertent and cannot be considered to support a claim of liability.

The plaintiff claims a breach of contract but there is no evidence to support that claim. Ms. Jaramillo was an at-will employee and to the extent that she had a contractual right to continued employment, it is no greater than that which was provided by the Handbook and the

District complied with the requirements of that policy.

Upon the foregoing, it is

ORDERED that the defendant's motion for summary judgment is granted and the Clerk will enter judgment dismissing all of the plaintiff's claims in this civil action with the award of costs.

Dated: March 17th, 2011

BY THE COURT:

s/Richard P. Matsch

.   _____
    Richard P. Matsch, Senior District Judge